T.C. Summary Opinion 2007-195

UNITED STATES TAX COURT

LAVERNE S. VANZANT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 295-06S.                Filed November 19, 2007.

LaVerne S. VanZant, pro se.

<u>Brenda M. Fitzgerald</u>, for respondent.

FOLEY, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision is not reviewable by any other court, and this

--------

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as amended, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

opinion shall not be treated as precedent for any other case. The issues for decision are whether petitioner qualifies as a statutory employee pursuant to section 3121(d)(3)(C) and is liable for the section 6651(a)(1) addition to tax.

## Background

In 2002, petitioner worked for Action Learning Systems, Inc. (ALS) as an educational consultant for the Los Angeles Unified School District. Petitioner's duties required her to visit schools, collect data, and input the collected data into a software template provided by ALS. ALS determined which schools petitioner would service and supplied the material and format for submitting the data. Petitioner was required to attend training at ALS's facilities, where she was given a training manual, a CD with the template on it, and instructions on how to collect and input data. Petitioner returned, by e-mail, the templates to ALS after the data was entered.

For 2002, ALS issued petitioner a Form 1099-MISC, Miscellaneous Income, with compensation of $66,150. ALS did not issue petitioner a W-2, Wage and Tax Statement, or withhold any taxes from petitioner's compensation. On March 5, 2004, petitioner untimely filed her 2002 return, on which she reported Schedule C, Profit or Loss From Business, income of $66,150, but failed to compute self-employment tax. Petitioner did not

request an extension to file her return.

On October 6, 2005, respondent issued a notice of deficiency and determined a self-employment tax deficiency of $4,866 and a section 6651(a)(1) addition to tax of $1,435. Petitioner paid the tax deficiency and the addition to tax. On January 4, 2006, while residing in Los Angeles, California, petitioner filed her petition with the Court. At the time the case was tried, petitioner resided in Georgia.

## Discussion

We must determine whether petitioner is a statutory employee pursuant to section 3121(d)(3)(C), and therefore, exempt from self-employment tax.[2] Pursuant to section 3121(d)(3)(C), a statutory employee includes any individual, other than an officer of a corporation or a common law employee, who performs services for pay for any person "as a home worker performing work, according to specifications furnished by the person for whom the services are performed, on materials or goods furnished by such person which are required to be returned to such person or a person designated by him". An individual is considered to be a "home worker" for purposes of section 3121(d)(3)(C) if he or she performs services off the premises of the person for whom the

---

[2] If petitioner qualifies as an employee pursuant to sec. 3121(d)(3)(C), sec. 1402(c)(2) exempts her from having to pay a self-employment tax.

services are performed. See sec. 31.3121(d)-1(d)(3)(iii), Employment Tax Regs. An individual will not be a statutory employee, however, if the services are performed as a single transaction rather than part of a continuing relationship, or if the individual has a substantial investment in the facilities used in connection with the performance of the services. Sec. 3121(d)(3).

Petitioner was not an officer of ALS, and we agree with the parties that petitioner was not a common law employee. Thus, petitioner meets the first two requirements of section 3121(d)(3)(C). Respondent contends that petitioner is not a "home worker" within the meaning of the section and, thus, does not qualify as a section 3121(d)(3)(C) statutory employee.

Petitioner visited various schools in her assigned district to collect the data needed to complete her reports. Moreover, at her home petitioner entered the data into templates. Thus, petitioner performed services off the premises of the person for whom the services were performed. In addition, petitioner was given specific instructions on which schools to visit, the type of data to be collected from those schools, and the format for presenting the collected data. Thus, petitioner performed services according to specifications furnished by ALS. Respondent contends that petitioner does not, however, meet the

requirements of section 3121(d)(3)(C) because she did not receive materials or goods from ALS.

Neither the code nor regulations provide guidance on the meaning of "materials" or "goods". Yet, materials are typically the "tools or apparatus for the performance of a given task". See The American Heritage Dictionary of the English Language 1079 (4th ed. 2006). Petitioner was required to use the ALS template to perform her duties. The ALS template is, therefore, a material. Because the template falls within the definition of materials, we need not consider whether it falls within the definition of goods. As noted before, petitioner was required to return the template to ALS. Thus, petitioner performed services on materials or goods furnished by such person, which are required to be returned to such person. Further, petitioner's services were not performed as a single transaction, and petitioner did not have a substantial investment in the facilities (i.e., the schools) used in connection with the performance of the services. Accordingly, petitioner was a "home worker" within in the meaning of section 3121(d)(3)(C), and therefore, a statutory employee exempt from self-employment taxes pursuant to section 1402(c)(2).

We must also determine whether petitioner is liable for the section 6651(a)(1) addition to tax. Section 6651(a)(1) provides

that a taxpayer shall be subject to an addition to tax for failure to file a timely return, unless it is shown that such failure was due to reasonable cause and not willful neglect. Respondent bears, and has met, the burden of production relating to the section 6651(a)(1) addition to tax and has established that petitioner failed to file her return on time.  Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Petitioner filed her 2002 return (i.e., which was due April 15, 2003) on March 5, 2004, and has failed to establish, pursuant to section 6651(a)(1), that such untimely filing was due to reasonable cause and not willful neglect.  Accordingly, we sustain respondent's determination.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

under Rule 155.